DA 14-0633

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 136N

IN THE MATTER OF:

T.P. and J.P.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause Nos. DN 10-41 and DN-14-16
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jennifer A. Giuttari, Law Office of Jennifer A. Giuttari, PLLC;
Missoula, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Micheal S.
Wellenstein, Assistant Attorney General; Helena, Montana

            Kirsten Pabst, Missoula County Attorney, Diane Conner, Deputy
County Attorney; Missoula, Montana

Submitted on Briefs:  April 22, 2015
Decided:  May 19, 2015

Filed:

                                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 D.P. appeals from the order of the Montana Fourth Judicial District Court, Missoula County, terminating his parental rights to T.P. and J.P. We affirm.

¶3 D.P. is the biological father of J.P. and the adoptive father of T.P. T.P. was born in 2007, and J.P. was born in 2013. On February 27, 2014, the Department of Public Health and Human Services filed petitions in the District Court requesting termination of D.P.'s parental rights to T.P. and J.P. On September 2, 2014, following a hearing, the District Court issued an order terminating D.P.'s parental rights. It supplemented the findings of fact in that order on September 23, 2014.

¶4 D.P. argues that the District Court should not have terminated his parental rights. He contends that there was not clear and convincing evidence to support the District Court's finding that D.P. had subjected the children to aggravated circumstances. As such, he argues that the District Court abused its discretion when it terminated D.P.'s parental rights before providing a treatment plan or requiring reunification services.

¶5 When considering whether to terminate parental rights, "[t]he paramount concern is the health and safety of the child." *In re E.Z.C.*, 2013 MT 123, ¶ 22, 370 Mont. 116, 300 P.3d 1174. Courts must give "primary consideration to the physical, mental, and

2

emotional conditions and needs of the child." Section 41-3-609(3), MCA. A court may terminate parental rights upon clear and convincing evidence that the parent has subjected a child to aggravated circumstances, including chronic abuse or severe neglect of a child. Sections 41-3-423(2)(a) and -609(1)(d), MCA; *E.Z.C.*, ¶ 21. If a court finds that such circumstances exist, it may terminate parental rights without providing a treatment plan or finding that reasonable efforts were made to provide preservation or reunification services. Sections 41-3-423(2)(a) and -609(4)(a), MCA; *E.Z.C.*, ¶ 21.

¶6 In this case, the District Court decided that aggravated circumstances existed. It stated that "[D.P.] ha[s] subjected . . . [T.P.] and [J.P.] to aggravated circumstances, including chronic, severe neglect." This finding was not clearly erroneous. Instead, it was supported by clear and convincing evidence.

¶7 Evidence in the record indicates that D.P. has used drugs since at least 2010. As a result of this drug use, D.P. has repeatedly served time in jail and been away from his children for the purposes of completing court-ordered treatment programs. D.P. has continued to use drugs even after completing various treatment programs. He has repeatedly used methamphetamine and medications prescribed to others in the presence of his children. At one point, he was found in a vehicle unconscious and under the influence of methamphetamine or methadone. His children were present in the vehicle. Following this incident D.P. was charged with and pled guilty to criminal endangerment.

¶8 D.P. lived with his children in what a probation officer described as a "filthy" environment. Upon inspecting D.P.'s home, probation officers found that it was "extremely dirty." They found that the toilet was full of urine and feces and were told

that it had been clogged for two weeks. They also found used hypodermic needles and other drug paraphernalia in places throughout the home that were accessible to D.P.'s children. During their visit, the officers also discovered that J.P.'s diaper was saturated with urine.

¶9 After D.P.'s children were removed from his care, the children underwent counseling and medical tests. Evidence of physical abuse was discovered during medical examinations, and tests of T.P.'s hair indicated that he had ingested and been exposed to methamphetamine and marijuana. When speaking with a psychologist, T.P. described D.P. as "mean", and he expressed a strong desire not to return to D.P.'s care. By the time of the District Court's termination hearing, T.P. was only six years old, but he had spent 19 months of his life in foster care and had been removed from his parents' care three times.

¶10 Based on the foregoing, clear and convincing evidence indicates that D.P. exposed his children to dangerous drugs and an unsafe living environment. The District Court's decision that this amounted to chronic, severe neglect was not clearly erroneous, because D.P.'s actions "occurred over a long duration, were frequently recurring, and became increasingly serious." *E.Z.C.*, ¶ 29. Because J.P. and T.P. were subjected to chronic, severe neglect, aggravated circumstances existed, and the District Court did not abuse its discretion when it terminated D.P.'s parental rights without requiring reunification efforts or a treatment plan.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of

4

the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact are not clearly erroneous. The District Court's ruling was not an abuse of discretion.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA